## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas M. Gilbert

 v.

Edward H. Winks Architecture, P.C.,
and Edward H. Winks, Jr.

February 3, 1997

Case No. HG-713

BY JUDGE RANDALL G. JOHNSON

This case is before the court on the receiver's motion to accept and approve the final report filed by the receiver. Both the plaintiff and the defendant have filed objections to the report, although the defendant has since withdrawn his objections and now supports the motion made by the receiver. In addressing the concerns of the parties, the court must first determine whether it is proper for a party to file objections to a receiver's report. If it is proper, the court must then look to those specific exceptions taken by the plaintiff to determine whether they have merit.

### Factual Background

Plaintiff, Thomas M. Gilbert, and defendant, Edward H. Winks, Jr., are equal shareholders in a professional architectural corporation known as Edward H. Winks Architecture, P.C. On the basis of hopeless deadlock in the management of corporate affairs between the two shareholders, plaintiff filed a proceeding to dissolve the corporation. Plaintiff requested that the court liquidate the assets of the corporation and terminate its existence. Plaintiff further requested the court to appoint a receiver and custodian to take possession and dispose of the assets.

On July 31, 1995, the court appointed Walter A. Stosch, C.P.A., as receiver and custodian of the corporation. The order appointing Mr. Stosch conferred upon him the following powers:

> Mr. Stosch is hereby given all powers necessary to immediately liquidate the corporation, collect its final receivables, and pay its debts and to distribute its remaining assets to the shareholders. Mr. Stosch is also given the power to approve any compromise reached between the two shareholders as to the liquidation of the corporation and disposal of its assets.

As of August 2, 1995, Mr. Stosch had assumed responsibility for all assets and liabilities of the corporation. To assist him in winding up the corporate affairs, Mr. Stosch employed Victoria Levy, the former office manager of the corporation, Donald L. Strange-Boston, AIA, P.E., consulting architect, William Akin, C.P.A., tax advisor, and Hugh M. Fain, Esq., legal advisor.

Both the plaintiff and the defendant entered into new, but separate, professional relationships in order to continue to practice their trade as architects. The receiver coordinated the dissolution and winding up of the corporate affairs, including the management of open accounts and the transfer of pending work to the new entities by which plaintiff and defendant were employed.

On September 30, 1996, the receiver filed his final report, having concluded all matters under his control and direction. Along with the report was a motion to dissolve receivership. On October 17, 1996, plaintiff filed objections to the receiver's report. Those objections are the subject of this opinion.

### Receivership

The authority to appoint a receiver in a case such as this is found in Va. Code § 13.1-748. While the statute gives the court authority to appoint a receiver, it is silent on the details governing the management of the receivership. The Code also deals with receivers in §§ 8.01-582 through 8.01-606. Those provisions specify the procedures to be followed in matters concerning general and special receivers. A special receiver is appointed to take possession of property on behalf of the court in an individual case, while a general receiver takes possession of *all* property and money brought into the possession of the court in matters not involving a special receiver. In this case,

Mr. Stosch is a special receiver. Therefore, the cases, statutes, and legal treatises applying to special receivers apply to his actions.

A receiver acts as an officer of the court, taking his orders from the court and acting as agent for the court's authority. *See generally* 15 M.J., *Receivers*, § 24 (1979). He takes orders from the court and must be completely obedient to them. *Id.* § 26. Both parties agree that Mr. Stosch was bound by the order appointing him. That order gives him very broad authority to complete his task. The defendant argues that the authority is so broad that there is nothing left for the court to do but accept the report. He argues that the court transferred all of its discretion in the case to the receiver by using such broad language to appoint him. The court disagrees.

A receiver is required to submit a report to, and settle his accounts with, the court that appointed him. *Id.* § 39. Frequently, the court then appoints a commissioner in chancery to advise it as to whether the account was properly settled. *Id.* At that point, the plaintiff, defendant, and the corporation (in the form of the receiver) appear before the commissioner for a determination of the propriety of the actions taken during the winding up of the affairs. A court is not required to appoint a commissioner to advise it, however. *Id.* As a commissioner is just an agent of the court with a special expertise, the court may, as the principal, act of its own accord. In fact, *Michie's Jurisprudence* specifically refers to the propriety of a court's declining to appoint a commissioner when there are no "exceptions" to the report. *Id.* The treatise goes on to say that "[i]n the absence of any showing that such report is erroneous, the court may confirm the same and act thereon as though the special receiver's accounts have been settled before a commissioner." *Id.*

Until this court has acted by confirming it, the report of a special receiver has no binding effect. *Id.* The defendant asserts that there is nothing left to be done; the decisions have already been made; and the corporation has already been dissolved. Even the language of the report, however, runs counter to that argument. In the receiver's own words, he describes his decisions in terms of the effect they "would" have if implemented. He may have already taken steps to do so, but the court has the ultimate authority to affirm or reverse the receiver's actions.

Defendant also argues that plaintiff may only challenge the actions of a special receiver by filing a personal action against him. There is a statutory provision that would allow such an action. *See* Va. Code § 8.01-597. However, such an action is only available when the property under the control of the receiver has been lost or destroyed through some fault or misconduct on his part. 15 M.J., *Receivers*, § 26. The court concludes that in situations like this, where the objections are based on alleged mistakes in judgment rather than on

malfeasance, the proper procedure for raising them is to object to the report in the pending proceeding.

## Objections

The objections raised by plaintiff arise out of a perceived favoritism in how defendant was treated versus how plaintiff was treated, especially with respect to a transaction known as the Lakeside II Project. Most of those claims are countered by similar claims from the defendant (which were later dropped). Considering the analysis and expert guidance utilized by the receiver, the court concludes that most of the complaints filed by plaintiff are groundless, and those objections (numbers two through seven) are overruled.

The most significant objection (number one) made by plaintiff concerns the Lakeside II Project. In that objection, plaintiff claims that the work was done by his new company after contracting individually with the client after the receiver had taken charge of the business. According to plaintiff, the original contract with the client and the old corporation had already been revoked by both parties. Therefore, plaintiff charged the client and kept a sum of money, paying the receiver and the old corporation only for the use of copyrighted plans. The receiver treated the contract as one with the corporation and charged the full amount the corporation would have received had the original contract not been revoked against plaintiff's share of the corporation's assets. Based on the evidence before the court, plaintiff may have a valid dispute with the receiver. Plaintiff, however, created the dispute. According to the record, plaintiff refused to provide critical information to the receiver concerning the subject deal to support his version of events. The receiver was left with no choice but to analyze the materials before him. The court finds that the analysis used by the receiver was correct and proper under the circumstances. Therefore, this objection is also overruled.

There being no further showing of a dispute concerning the receiver's report, the court will accept and approve the report as filed, declaring the Edward H. Winks Architecture, Professional Corporation, to be dissolved and this matter to be closed.